UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID MAUS and MARK ORNSTEIN,**

        **Plaintiff,**

-vs-                                                         Case No. 6:10-cv-1904-Orl-31DAB

**JOHN PATRICK ENNIS,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 12) filed by the Defendant, John Patrick Ennis[1] ("Ennis"), and the response (Doc. 15) filed by the Plaintiffs, David Maus ("Maus") and Mark Ornstein ("Ornstein").

Maus has ownership interests in several automobile dealerships; Ornstein is his attoney in the instant dispute. The Plaintiffs allege that Ennis has acquired eighteen domain names containing their legal or trade names, such as "www.davidmaustoyota.info", "www.davidmaussucks.com", and "www.markornstein.com." (Doc. 9 at 3-4). They contend that Ennis has no intent to use the domain names for a bona fide purpose, but has demanded a financial settlement as a condition of turning them over to the Plaintiffs. (Doc. 9 at 5). The Plaintiffs,

---

[1] In his motion, the Defendant refers to himself as "The Honorable Dr. Rabbi Sollog Immanuel Adonai-Adoni aka GOD known as John Patrick Ennis in this action" and states that "anyone calling the defendant John Patrick Ennis is insulting the defendant and also insulting thousands of members around the world whom belong to The Nation and Temple of 'Hayah, the religious organization for which the defendant is the Chief Justice of the Supreme Counsel of the Nation and the Temple of 'Hayah." (Doc. 12 at 1). Absent some indication as to why it would be insulting to refer to the Defendant by what is apparently his given name, the Court will continue to do so.

contending that the Defendant's actions violate the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and constitute an invasion of their privacy, seek damages and injunctive relief. (Doc. 9 at 5-9).

Ennis characterizes the suit as a "simple domain name registration dispute", which he says is subject to arbitration under the Uniform Dispute Resolution Policy ("UDRP") of the Internet Corporation for Assigned Names and Numbers ("ICANN") – a quasi-governmental internet-regulating body that, among other duties, cancels or transfers domain name registrations. (Doc. 12 at 2). Accordingly, Ennis argues, this Court lacks subject matter jurisdiction over this dispute. (Doc. 12 at 2). The sole case cited by Ennis, however, states that the UDRP itself contemplates parallel proceedings under both the UDRP and in federal court, and provides that ICAAN will transfer domain name registrations upon receipt "of an order from a court . . . of competent jurisdiction, requiring such action; and/or . . . receipt of a decision of an Administrative Panel requiring such action in any administrative proceeding . . . conducted under [the UDRP]." *Weber-Stephen Products Co. v. Armitage Hardware and Bldg. Supply, Inc.*, 2000 WL 562470 at *1 (N.D.Ill. May 3, 2000). In addition, the *Weber-Stephen Prods. Co.* court held that federal courts are "not bound by the outcome of the ICANN administrative proceedings." *Id.* at *2. Each of these points is incompatible with the notion that federal courts lack jurisdiction over this type of dispute.[2]

---

[2]In addition, the Court notes that ICANN administrative proceedings are not the equivalent of arbitration and therefore do not fall under the Federal Arbitration Act. *See, e.g., Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 26 (1st Cir. 2001).

The Plaintiff makes several other arguments, but after considering them, the Court finds that none merit discussion. Accordingly, it is hereby

**ORDERED** that the the Motion to Dismiss (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 1, 2011.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party