# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID MAUS and MARK ORNSTEIN,**

        **Plaintiff,**

**-vs-**                                            **Case No.  6:10-cv-1904-Orl-31DAB**

**JOHN PATRICK ENNIS, aka THE HONORABLE DR. RABBI; SOLLOG IMMANUEL ADONAI-ADONI AKA GOD,**

        **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Recusal (Doc. 29), filed by the Defendant, John Patrick Ennis ("Ennis"), and the response in opposition (Doc. 31), filed by the Plaintiffs.

The United States Code provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Moreover, a judge must disqualify himself if: (1) he has a personal bias or prejudice concerning a party; (2) in private practice, he served as lawyer in the matter in controversy; (3) in private practice, a lawyer with whom he previously practiced law served during the association as a lawyer concerning the matter; or (4) he has a financial interest in the subject matter in controversy or in a party to the proceeding or any other interest that could be substantially affected by the outcome of the proceeding.  28 U.S.C. § 455(b).  Ennis seeks recusal under 28 U.S.C. § 455(a) and (b)(1).  (Doc. 29 at 1).

The Defendant complains that the undersigned has violated his religious freedom and demonstrated bias against his religious organization, "The Nation and Temple of 'Hayah," by referring to him by what appears to be his given name, and the name under which he was sued (*see* Doc. 1 at 1) – i.e., "John Patrick Ennis" – rather than as "Sollog Immanuel Adonai-Adoni," which he contends is his "religious name." (Doc. 29 at 2). The Court has attempted to accommodate Defendant's beliefs by including his religious name in the caption of subsequent filings, such as this one. No reasonable person could conclude that referring to the Defendant as "John Patrick Ennis" under such circumstances is evidence of bias, prejudice, or a lack of partiality. Accordingly, recusal is not warranted under 28 U.S.C. § 455(a) or (b)(1).

In addition, Ennis repeatedly complains of previous rulings by this Court, saying that they were erroneous or that, in ruling, the Court declined to consider some of the arguments he had advanced. (Doc. 29 at 3-4). However, as the United States Supreme Court has held, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (*citing United States v. Grinnell*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)). And the Court finds that this case is no exception.

Finally, in this and other motions, Ennis has adopted a posture of rudeness and disrespect toward the other parties and, most recently, this Court, going so far in the instant motion as to state, among other things, that certain rulings demonstrate "complete IGNORANCE and INCOMPETENCY". (Doc. 29 at 2). Such conduct will not be tolerated. When parties disagree with a ruling, it does not give them license to resist it or insult the court. Their right is only to respectfully preserve their points for appeal. *See generally Sacher v. United States*, 343 U.S. 1, 9,

72 S.Ct. 451, 455, 96 L.Ed. 717 (1952).  All federal courts are vested with inherent powers enabling them to "impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."  *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 117 L.Ed.2d 27 (1991).  This authority empowers federal courts to impose a wide range of sanctions for offensive or disrespectful conduct, both within the courtroom and outside it.  *See F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001).  If the Defendant persists in this behavior, the Court will consider the imposition of appropriate sanctions.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Recusal (Doc. 29) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 12, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party