UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID MAUS and MARK ORNSTEIN,**

**Plaintiff,**

-vs-                                         Case No. 6:10-cv-1904-Orl-31DAB

**JOHN PATRICK ENNIS, a/k/a THE HONORABLE DR. RABBI SOLLOG IMMANUEL ADONAI-ADON, a/k/a GOD,**

**Defendant.**

## ORDER

This matter comes before the Court on the following items, all filed by the Defendant: the Motion to Strike Motion for Sanctions (Doc. 50); the Motion for Recusal (Doc. 51); and two documents denominated "Permissive Counter Claim and Cross Claim and Joinder of Parties" (Doc. 48, 49).

In the Motion to Strike Motion for Sanctions, Ennis complains that he was not given an opportunity to cure his alleged misbehavior prior to the filing of the motion for sanctions, as required by Rule 11. (Doc. 50 at 1). However, the motion for sanctions is not a Rule 11 motion; rather, sanctions are sought based on this Court's inherent powers. *See F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (describing, *inter alia*, the federal courts' "ability to address the full range of litigation abuses through their inherent

powers.").[1]  Accordingly, the notice and "safe harbor" provisions of Rule 11 are inapplicable, and the Motion to Strike (Doc. 50) will be denied.

Ennis bases his motion for recusal (Doc. 51) on his belief that he has added the undersigned as a defendant in this case.  However, Ennis has neither sought nor been granted leave to add parties or amend his pleadings.  The documents Ennis has filed that are denominated "Permissive Counter Claim and Cross Claim and Joinder of Parties" do purport, among other things, to raise civil rights claims against the undersigned and the law firm representing the Plaintiffs.  But the civil rights claims are ludicrous on their face and would not have been allowed even if permission had been sought to file them.  The motion for recusal will be denied, and the two documents denominated "Permissive Counter Claim and Cross Claim and Joinder of Parties" will be stricken.  In addition, the Court notes that this is the third motion for recusal filed by the Plaintiff, all of which were frivolous.  Any further such motions will result in sanctions.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Strike Motion for Sanctions (Doc. 50) is **DENIED**; and it is further

**ORDERED** that the Motion for Recusal (Doc. 51) is **DENIED**; and it is further

**ORDERED** that the two documents denominated "Permissive Counter Claim and Cross

---

[1] The *F.J. Hanshaw* case is cited on the second page of the motion for sanctions.  (Doc. 35 at 2).

Claim and Joinder of Parties" (Doc. 48, 49) are **STRICKEN**, and the Clerk is directed to remove them from the docket and return them to the Defendant.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 31, 2011.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　GREGORY A. PRESNELL
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

Case 6:10-cv-01904-GAP-TBS Document 53 Filed 05/31/11 Page 3 of 3 PageID 385