# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID MAUS and MARK ORNSTEIN,**

**Plaintiff,**

-vs-                                         Case No.  6:10-cv-1904-Orl-31DAB

**JOHN PATRICK ENNIS,  a/k/a THE
HONORABLE DR. RABBI SOLLOG
IMMANUEL ADONAI-ADONI, a/k/a GOD,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SANCTIONS (Doc. No. 35)** |
| **FILED:** | **April 19, 2011** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part
and **DENIED** in part.

   The motion, which Defendant opposes, seeks an Order requiring Defendant "to participate in

good faith in litigation" and imposing sanctions against Defendant "for repeated conduct throughout

the course of this litigation."  The conduct objected to, as set forth in the motion and in the supporting

exhibits, is a pattern of insults and public accusations of bigotry and racism directed primarily toward

Plaintiff Ornstein.  In his response (Doc. No. 55), Defendant asserts that this behavior "has no

relevancy," and the exhibits, consisting of a series of emails and an internet posting, are "scandalous

and prejudicial toward the defendant."  While not directly disavowing involvement, Defendant asserts

that it is a "gross perversion of justice" to attribute "every negative article about the court and the Plaintiffs on the net" to him. Moreover, Defendant complains of "an intentional act by the court to harass the defendant over his religious beliefs" by referring to Defendant by his "offensive birth name."

To the extent the motion seeks an order requiring Defendant to participate in this suit "in good faith," the motion is **denied, as unnecessary.** Defendant is already under such an obligation, by federal rule (*see, e.g.,* Federal Rules 11, 16, 26, 37), local rule (*e.g.,* Local Rules 2.04(h), 3.01(g) 3.06) and prior Order of this Court (*see* Doc. No. 27). The requirement that the parties participate at every stage of the litigation in good faith is an explicit and implicit standard of which Defendant is well aware. That said, the Court turns to the second part of the motion – whether Defendant has failed to abide by that standard and whether his conduct warrants the imposition of sanctions. Based on the record before the Court, the Court **recommends** that Defendant be **admonished, as set forth herein.**

As noted in the motion, the Court has inherent authority to manage its affairs and sanction parties or counsel for conduct that abuses the judicial process. *See F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1136 (9th Cir. 2001) (describing, *inter alia*, the federal courts' "ability to address the full range of litigation abuses through their inherent powers."); *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). The touchstone for an award of fees under the Court's inherent authority is intentional misconduct and courts have the power to sanction parties, lawyers, or both for engaging in same. *Chambers, supra,* 501 U.S. at 44-45; *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006). The Court may tax attorneys' fees and costs "when [the client, attorney, or both] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir. 2001) (internal quotation omitted), or may otherwise impose sanctions for failure to comply with court orders or the Federal Rules of Civil Procedure, *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006).

-2-

Applied here, Plaintiffs complain that Defendant has committed misconduct in:  1) failing to communicate with counsel in a respectful way and 2) making false public accusations about counsel. The record provides substantial evidence of these complaints.  In email communications to Plaintiff Ornstein's law firm, Defendant has called counsel a "racist and a bigot who should be disbarred." (Doc. No. 35-5).  The email reflects that it was copied to Joseph Maus (no relation to Plaintiff) and "editor@247news.net." *Id.*  Indeed, it appears that 247news.net received the email, as they published a story on the internet which purports to quote Defendant (by his preferred nomenclature) repeating the same offensive tirade against counsel.[1]  Defendant also sent an email to spam@mcafeesaas.com, with copies to others, entitled "LEGAL NOTICE OF EMAIL ABUSE." (Doc. No. 35-3).   In that email, Defendant advises McAfee that, among other things, "[t]he lawyer harassing me Mr. Mark Ornstein is considered by me to be a RACIST and a BIGOT."  In response to this evidence, Defendant contends that the insulting comments made directly to counsel's firm are irrelevant, scandalous, and repeated by counsel here only to prejudice the Court against Defendant.  As for the internet story, Defendant contends, in essence, "you can't prove I wrote it," it is beyond the reach of the Court as it was not "filed" here,  and it is "opinion," in any event.

There is little question that Defendant's conduct is reprehensible.  The emails are well within the reach of the Court's sanctioning authority in that they were undertaken as part of the conduct of the litigation.[2]  Nor is the Court persuaded by Defendant's bizarre assertion that the emails are irrelevant and somehow prejudicial towards Defendant.  Defendant's conduct in sending insulting and disrespectful email to counsel and publishing the email to others is certainly relevant on a sanctions

---

[1]The "story" also contains numerous false representations regarding the actions of this Court.

[2]To the extent Defendant appears to be under the impression that he is free to disparage the character of litigants, counsel or the Court under the guise of "free speech" or "opinion," he is mistaken. *See Thomas v. Tenneco Packaging Co., Inc.,* 293 F.3d 1306, 1321 (11th Cir. 2002) (affirming imposition of sanctions under inherent authority where attorney presented documents "strewn with generalizations and conclusory comments that paint[ed] opposing counsel as a racist bigot and thus impugn[ed] his character.")

motion, and the only prejudice here is Defendant's obvious disdain for Mr. Ornstein.   As for Defendant's assertion that the exhibits are scandalous, the Court is in full agreement.  Defendant's scandalous conduct must cease.

The Court finds that Defendant **JOHN PATRICK ENNIS  has acted intentionally, in bad faith, and for oppressive reasons**[3] in his communications with counsel, counsel's firm and in publishing the inappropriate and defamatory statements about counsel to others with the intent of trying to extort a litigation advantage, and that this conduct violates the federal and local rules regarding the obligation of civility to other litigation participants.[4]   The Court has previously admonished Defendant regarding the type of disrespect shown here,[5] and warned that sanctions would be considered if the misconduct persisted.  Despite this clear warning against "rudeness and disrespect toward the other parties and this Court," Defendant continues to behave in the same inappropriate manner. Sanctions are clearly warranted.

In crafting an appropriate sanction, the Court looks to the least oppressive sanction that is most likely to redress the conduct.  Here, despite the clear inappropriateness of Defendant's tactics, his

---

[3]The totality of the email correspondence reflects a settlement demand (with "demand" being the operative word) and the Court finds the harassment to be part of a plan to force a settlement.

[4]The conduct may have also given rise to an actionable claim for damages for  defamation, but that relief is beyond the scope of this Order.

[5]In a prior Order, the District Judge stated:
Finally, in this and other motions, Ennis has adopted a posture of rudeness and disrespect toward the other parties and, most recently, this Court, going so far in the instant motion as to state, among other things, that certain rulings demonstrate "complete IGNORANCE and INCOMPETENCY". (Doc. 29 at 2). Such conduct will not be tolerated. When parties disagree with a ruling, it does not give them license to resist it or insult the court. Their right is only to respectfully preserve their points for appeal. *See generally Sacher v. United States*, 343 U.S. 1, 9,72 S.Ct. 451, 455, 96 L.Ed. 717 (1952). All federal courts are vested with inherent powers enabling them to "impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. Nasco, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 117 L.Ed.2d 27 (1991). This authority empowers federal courts to impose a wide range of sanctions for offensive or disrespectful conduct, both within the courtroom and outside it. *See F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001). If the Defendant persists in this behavior, the Court will consider the imposition of appropriate sanctions. (Doc. No. 33).

misconduct has not ultimately impaired the progress of the case.[6]  Discovery has since closed, and,

other than the sting of the ugly comments, there is no particular prejudice to Plaintiffs shown.  It

appears, therefore, that a sanction of dismissal or striking of pleadings would be unjustified at this

point.

      Moreover, the insulting comments complained of do not appear in any paper filed in this court

by Defendant.  As such, the imposition of monetary sanctions in the form of attorney's fees incident

to prosecution of a motion to strike is not warranted at this point either. As it does not appear that the

misconduct has hampered Plaintiffs in their ability to prosecute this case and, as any personal harm

to Plaintiffs by the out of court conduct can be addressed in a different action filed in state court, it

is **recommended** that Defendant be **admonished** for his inappropriate conduct and that he be advised

that **any** future rudeness or disrespect to counsel or the Court will be met with more severe sanctions,

including but not limited to the imposition of monetary sanctions, the striking of his pleadings and

the entry of a default judgment against him and, if warranted, the institution of civil or criminal

**contempt proceedings.**

| MOTION: | MOTION TO STRIKE COUNTERCLAIM AND THIRD PARTY CLAIM (Doc. No. 61) |
|---|---|
| FILED: | July 8, 2011 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part**.

      Following Plaintiffs' filing of a Second Amended Complaint (Doc. No. 58), Defendant filed

an Answer, Counterclaim and Third Party Complaint (Doc. No. 59, 60).  Plaintiff seeks to strike the

counterclaim and joinder of parties/third party complaint, as being filed without leave of court, citing

Federal Rules 14(a) (a "third-party plaintiff must, by motion, obtain the court's leave if it files the

---

[6]Defendant's past actions in refusing to cooperate with Plaintiffs has resulted in the Court allowing the filing of Plaintiffs' unilateral Case Management Report.

third-party complaint more than 14 days after serving its original answer") and 15(a)(2) (providing for amendment on written consent or with court's leave) and "for failure to comply with Federal Rules of Civil Procedure."   In a tardy response (Doc. No. 62), Defendant asserts that the motion to strike is frivolous, as his pleading was timely filed in response to the Second Amended Complaint.   While the pleading was a timely response to the newly amended complaint, the counterclaim and third party complaint are nonetheless improper on their face, and, to the extent the pleading filed purports to state anything other than a denial of the Plaintiffs' claim and a counterclaim brought *solely* by Defendant Ennis against Plaintiffs, it should be disregarded and held to no effect.

In the Second Amended Complaint, Plaintiffs sue one Defendant:  John Patrick Ennis (Doc. No. 58).    The counterclaim pled by the *pro se* Defendant, however, identifies himself *and* two additional entities (Adoni International Services, Inc. and Temple of 'Hayah Aka Toh) as counterclaimants, and numerous additional non-parties as counterclaim defendants (Doc. No. 59 at p. 1).  In addition to the lack of any showing that Defendant has standing to assert claims belonging (if at all) to others, corporate entities may be represented in this Court only through counsel admitted to the Middle District bar.   Local Rule 2.03(e).   Defendant does not meet this requirement and therefore cannot prosecute any claim on behalf of these entities.[7]  Moreover, to the extent Defendant is attempting to include new counterclaimants and counterdefendants, Federal Rule 13(h) requires compliance with Federal Rules 19 and 20 with respect to the addition of a party to a counterclaim. Here, there is no showing under either Rule sufficient to allow joinder of the newly proposed "counterclaim defendants," which, among other deficiencies, includes a list of "unknown" Does, companies, LLC's and corporations that are not otherwise identified and whose connection to this suit is not pled in any meaningful manner.  As a matter of law, Defendant's counterclaim is not cognizable as pled.

---

[7]Assuming that the Temple is a corporate entity with the legal capacity to sue.

As for the third party claim, it appears that Defendant is seeking to implead " ICONSUMER COMPLAINTS ORG" and "AIS the Registration Agent." (Doc. No. 59 at p. 1). There is no showing, however, that these names are, in fact, entities capable of being sued (as opposed to internet sites, trade names, application processes, etc.), nor is there any showing that these proposed parties are within the jurisdiction of the Court. As pled, the Third Party Complaint is also not viable on its face.

It is **recommended** that the pleading be **declared inoperative** to the extent it purports to set forth anything other than a denial of the allegations of the Second Amended Complaint by the sole Defendant and affirmative defenses or counterclaim by the sole Defendant against the two Plaintiffs of record. To the extent a counterclaim remains, Plaintiffs should be directed to respond accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 17, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy