**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID MAUS and MARK ORNSTEIN,**

        **Plaintiff,**

-vs-                                                **Case No. 6:10-cv-1904-Orl-31DAB**

**JOHN PATRICK ENNIS, a/k/a THE**
**HONORABLE DR. RABBI SOLLOG**
**IMMANUEL ADONAI-ADONI, a/k/a GOD,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss Counterclaim (Doc. 68) filed by the Plaintiffs, David Maus ("Maus") and Mark Ornstein ("Ornstein"). The Defendant, John Patrick Ennis ("Ennis"), has not filed a response.[1] The counterclaim was already dismissed insofar as it was intended to state anything other than a denial of the Plaintiffs' claims and a counterclaim brought solely by Ennis against the Plaintiffs. (Doc. 65, Doc. 63 at 6).

In his counterclaim, Ennis asserts that he operates a search engine optimization business, known as SEO Orlando, that competes with a search engine optimization business operated by Maus. Ornstein is alleged to be the registered agent for Maus's SEO business. Ennis alleges that

---

[1] The deadline for a response passed on October 10, 2011. Since September 22, 2011, when the instant motion was filed, Ennis – who appears *pro se* – has filed a motion for summary judgment (Doc. 71), a response (Doc. 73) to a motion to compel, a motion for reconsideration (Doc. 77) of the order denying his motion for summary judgment, a response (Doc. 81) to a different motion to compel, a motion to transfer venue (Doc. 82) and a reply (Doc. 83) to the Plaintiffs' response to his motion for summary judgment. Despite this, he did not file a response to the instant motion.

the Plaintiffs or someone acting on their behalf misled Google into delisting SEO Orlando, causing it to lose potential customers. He contends that the actions of the Plaintiffs (or those acting on their behalf) constitute trade libel.[2]

However, according to the allegations of the counterclaim, Ennis does not own SEO Orlando. Instead, SEO Orlando is alleged to be a division of another company ("Page One"), which is in turn owned by a third party – "TOH Temple of 'Hayah". As such, Ennis lacks standing to sue for any harm to SEO Orlando resulting from the alleged trade libel.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss Counterclaim (Doc. 68) is **GRANTED**, and the counterclaim (Doc. 59) is **DISMISSED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 25, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] Ennis refers to several federal statutes in his counterclaim, but so far as the Court is able to discern, does not attempt to assert a cause of action other than the one for trade libel.