**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID MAUS and MARK ORNSTEIN,**

        **Plaintiff,**

-vs-                                              **Case No. 6:10-cv-1904-Orl-31DAB**

**JOHN PATRICK ENNIS, a/k/a THE**
**HONORABLE DR. RABBI SOLLOG**
**IMMANUEL ADONAI-ADONI, a/k/a GOD,**

        **Defendant.**

## ORDER

      This matter comes before the Court on the Motion for Summary Judgment (Doc. 98) filed by the Defendant, John Patrick Ennis ("Ennis"). Ennis contends that the registration of the domain names at the heart of this dispute have expired and that somehow[1] this deprives the Court of jurisdiction over this dispute. Ennis is incorrect.

      Even assuming *arugendo* that the domain names have expired, and that this makes it impossible for them to be transferred to the Plaintiffs, a number of issues would remain to be litigated in this case. For example, the Plaintiffs contend that Ennis' actions violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). If the Plaintiffs were to prevail on that claim, they would be entitled to an award of actual damages and a possible award of attorneys' fees. *See* 15 U.S.C. § 1117(a).

---

[1] The motion does not comply with Local Rule 3.01(a), which requires that each motion include a memorandum of legal authority in support of the requested relief.

In con sideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 98) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 30, 2011.

                                              **GREGORY A. PRESNELL**
                                              **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party