**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID MAUS and MARK ORNSTEIN,**

        **Plaintiffs,**

**-vs-**                              **Case No. 6:10-cv-1904-Orl-31DAB**

**JOHN PATRICK ENNIS, a/k/a THE HONORABLE DR. RABBI SOLLOG IMMANUEL ADONAI-ADONI, a/k/a GOD,**

        **Defendant.**

## ORDER

Plaintiffs have filed an Amended Motion for Attorney's Fees (Doc. 140), which is supported by an Affidavit of Costs and Attorney's Fees with detailed billing records (Doc. 140-1) and an Affidavit as to Reasonable Attorney's Fees (Doc. 140-2) submitted by a member of The Florida Bar. In sum, Plaintiffs seek an award of fees in the amount of $48,226.50.[1]

Defendant opposes the Motion (Doc. 141). The bulk of Defendant's opposition is re-argument of his defense on the merits and his well-worn contention that the Court is biased against him. With respect to his objection to the reasonableness of the fees, Defendant argues that Ornstein should not receive fees because he was a losing party, that the paralegal rate of $100 per hour is too high and that only professionals who have appeared in this action should be compensated. Defendant also contends that the maximum attorney's fee allowed under federal

---

[1] By Order dated may 22, 2012, the Court granted Plaintiffs' Motion for Costs in the amount of $545.

law is $125 per hour, and he complains about the redactions in Plaintiffs' billing records. Defendant's contentions are without merit.

In determining a reasonable fee, the Court first looks to the hourly rates charged. Here, Plaintiffs' counsel charged rates ranging from $100 per hour for paralegal time to $335 per hour for attorney time. The bulk of attorney time was charged at $210 per hour, which is well within the zone of reasonableness for federal trial lawyers in Central Florida.

Next, the Court considers the time expended. Throughout the "progress" of this case, Plaintiffs' counsel was thwarted by Defendant's obstreperous conduct. Defendant's disdain for the legal system caused significant inefficiencies in the prosecution and resolution of this case.[2] The Court has reviewed the billing records submitted by Plaintiffs' counsel and finds the time to be reasonable under the circumstances.[3] Since the operative facts were inextricably intertwined and because Defendant's conduct affected the core of this dispute, there is no basis to apportion the fee

---

[2] Indeed, this fee award would be justified as a sanction for Defendant's contemptuous conduct through the course of this proceeding.

[3] The Court also credits the Affidavit of Ted Estes, a respected Orlando lawyer who opined that a reasonable fee in this case is $49,000. (Doc. 140-2, Ex. B).

-3-

based on partial success.  *See, e.g., Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292,1302 (11th Cir.1988).  Accordingly, it is

**ORDERED** that Plaintiffs' Motion is GRANTED.  The Clerk is directed to enter a money judgment for Plaintiffs and against the Defendant in the amount of $545 in costs and $48,226.50 in fees, for a total of $48,771.50, for which sum let execution issue.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 14, 2012.

                                                                                    _____
                                                                                    GREGORY A. PRESNELL
                                                                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party